# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| COREY J. ROGERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:18-cv-145-PLC |
| KIMBERLY PRICE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Corey J. Rogers, an inmate at Crossroads Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $3.90. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $19.50, and an average monthly balance of $15.48. The Court will therefore assess an initial partial filing fee of $3.90, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

2

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

### The Amended Complaint

Plaintiff brings this case pursuant to 42 U.S.C. § 1983 against Warden Cindy Griffith, Classification Officer Marah Nickelson, nurse Connie Burton, and corrections officers Kimberly Price, Adam Randazzo, David Isgrig, Charles Conrad, and John Doe. He sues all of the defendants in an individual capacity. Plaintiff filed his initial complaint on January 25, 2018, and filed an amended complaint on April 30, 2018. He alleges that the defendants violated his Eighth and Fourteenth Amendment rights,[1] and also committed the state law tort of negligence. The events giving rise to plaintiff's claims occurred when he was incarcerated at the Potosi Correctional Center. He alleges as follows.

---

[1] As he is a convicted prisoner, plaintiff's claims arise under the Eighth Amendment rather than the Fourteenth Amendment.

On May 6, 2017, plaintiff and his fellow inmates, all of whom were housed in administrative segregation, were being given haircuts. Defendants Price, Randazzo, Isgrig, Conrad and Doe were overseeing the haircuts. They were responsible for escorting the inmates from their cells to the front of 2-B wing, where four barber chairs and four waiting chairs were arranged. They were also responsible for ensuring that each inmate in the haircut area remained seated at all times, with his mechanical wrist restraints on behind his back. They were required to remain in 2-B wing at all times while the haircuts were taking place, and to watch every inmate.

Price "and one of the other defendants" came to plaintiff's cell, placed wrist restraints on him, searched him for weapons and contraband, and escorted him to receive his haircut. (Docket No. 10 at 8). Plaintiff states: "While I was in the barber chair receiving my haircut inmate Michael Burns was placed in mechanical wrist restraints to the back pulled out his cell 2B22 never searched for weapons or other contraband and escorted to the lower level of front of 2-B wing. Inmate Michael Burns was then placed in one of the four waiting chairs because all four of the barber chairs were full. He was sitting in a chair about 35 feet or more behind me." *Id.*

Plaintiff heard an inmate tell him to watch out, and he turned and saw Burns coming towards him with his arms in front of him. Plaintiff jumped from the chair and started backing up. Burns reached him, pulled a knife from his waistband, and tried to stab plaintiff's face and body. Plaintiff tried to grab the knife, sustaining injury to his left wrist, two fingers on his left hand, and his right forearm. Plaintiff states "these defendants" did not stop the assault until other inmates began yelling and pressing their emergency buttons. *Id.* at 9. Plaintiff states "these defendants took no action to place security over the administrative segregation haircuts instead

4

they placed me more in harm's way by placing portable chairs inside the wing of 2-B instead of using all of the restraint benches in the sally port area of housing #2." *Id.* at 10.

Plaintiff was taken to the medical unit and seen by defendant Connie Burton, but she did not check his vitals, clean or check his injuries, or complete a medical incident report.

Plaintiff alleges that "these defendants" were aware that he had many enemies and safety needs. (Docket No. 1 at 10). He states he was placed in a single-man cell after he was attacked by a cellmate. He states he "made these defendants aware of all of [his] classification hearings" and voiced his concerns to them. *Id.* at 11. Three days after the incident, plaintiff was transferred to Crossroads Correctional Center. He was seen by a doctor with complaints of pain in his two fingers and wrist, and was given pain medication.

Plaintiff then sets forth his claims for relief. He begins by listing Price's name, and he alleges that she

> was directly involved with allowing inmate Michael Burns to conceal a knife on his person slip his mechanical wrist restraints in her presence approached me by getting up out his chair running 35 feet or more then pulling a knife from his waistband and begin stabbing me. Defendant Kimberly Price did nothing to prevent any of this inmate's actions. In fact, she allowed the situation to be more dangerous by allowing us administrative segregation inmates to receive haircuts in the middle of the wing in portable chairs instead of placing us on the restraint bench that's more secured. The above actions of this defendant is a direct violation of my Fourteenth Amendment right to the United States Constitution Due Process, my Eighth Amendment right to the United States Constitution cruel and unusual punishment deliberate indifference for my safety and state tort law of negligence.

*Id.* at 14. Next, plaintiff lists the names of Randazzo, Isgrig, Conrad and Doe, and sets forth the same allegations against each one of them. *Id.* at 14-18.

Next, plaintiff alleges that Nickelson, as the the Classification Officer, and Griffith, as the Warden, were "well aware" of plaintiff's safety issues, but did nothing to prevent the situation. (Docket No. 10 at 18). Plaintiff also alleges that Griffith placed him in administrative

5

segregation, and he alternately states that she transferred him for no reason and that she failed to transfer him sooner. Finally, plaintiff alleges that Burton "deliberately took no interest in my medical needs after being stabbed on May 6, 2017. She clearly violated my Fourteenth Amendment right to the United States Constitution Due Process, my Eighth Amendment right to the United States Constitution cruel and unusual punishment deliberate indifference for my medical needs." *Id.* at 19. As relief, plaintiff seeks actual and punitive damages.

## Discussion

Plaintiff's claims against Nickelson and Griffith will be dismissed. To the extent plaintiff can be understood to allege that Griffith is responsible for Burns's attack because she placed him in administrative segregation or failed to transfer him sooner, such claims are wholly speculative and meritless. In addition, plaintiff's own allegations support the conclusion that Griffith transferred him for his own safety, and he does not have a constitutional right to remain in a particular institution. *Murphy v. Missouri Dept. of Corrections*, 769 F.2d 502, 503 (8th Cir. 1985). The remainder of plaintiff's claims against Griffith, and his claims against Nickelson, are based upon their supervisory and/or administrative status, not upon their personal involvement in, or direct responsibility for, any specific violation of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

6

Similarly, plaintiff's theory of recovery against Price, Randazzo, Isgrig, Conrad and Doe is based upon their responsibility for administering and supervising the haircut process, not upon their personal involvement in, or direct responsibility for, any specific violation of his constitutional rights. While plaintiff speculates that Burns was not searched for contraband before being brought to the haircut area, he makes no attempt to allege which of the defendants failed to search him. While plaintiff alleges that Burns slipped his wrist restraints and rose from his chair, he makes no attempt to allege which of the defendants was responsible for applying Burns's wrist restraints or supervising him. Plaintiff also refers to the defendants collectively when stating that they did not immediately intervene in the attack. It is insufficient to simply list these defendants' names, refer to them collectively, and state they caused harm. Plaintiff is required to state how each individual defendant contributed to the constitutional violation, *Iqbal*, 556 U.S. at 676, and the fact that Price, Randazzo, Isgrig, Conrad and Doe were responsible for administering and supervising the haircuts, or were present at the time he was assaulted, is insufficient to establish the personal involvement required to support liability. *See Camberos*, 73 F.3d at 176.

In addition, plaintiff's allegations are insufficient to state a failure-to-protect claim. A correctional official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). To be liable, "the official must both be aware of facts from

7

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, plaintiff fails to allege that Price, Randazzo, Isgrig, Conrad, or Doe were aware of facts from which they could infer a substantial risk of serious harm from Burns, or that they drew that inference. Instead, plaintiff alleges that, because they knew plaintiff had enemies and Burns was violent, they should have perceived a significant risk. However, "an official's failure to alleviate a significant risk that he should have perceived but did not" does not violate the Eighth Amendment. *Id.* at 838.

Plaintiff also alleges that Price, Randazzo, Isgrig, Conrad, and Doe were in charge at the relevant time and failed to exercise due care, and should have administered the haircuts in a manner plaintiff thinks would have been more secure. These allegations establish, at most, that Price, Randazzo, Isgrig, Conrad and Doe were negligent, not that they recklessly disregarded a known risk. *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (explaining, in a failure-to-protect case, that "deliberate indifference includes something more than negligence ... it requires proof of a reckless disregard of the known risk"); *see also Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) (negligence, an even gross negligence, is insufficient to establish a failure-to-protect claim); *Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002) (explaining that "even gross negligence" is insufficient to establish a failure-to-protect claim). Similarly, plaintiff's statement that these defendants did not intervene in the attack until other inmates began yelling establishes, at most, that they were negligent for any delayed response, not that they acted with reckless disregard of his right to be free from Burns's attack. *See Blades v. Schuetzle*, 302 F.3d 801, 804 (8th Cir. 2002) (mere negligence is insufficient to establish a violation of the Eighth Amendment).

8

The Court turns to plaintiff's allegations against Burton. To state a claim for inadequate medical care under the Eighth Amendment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 106; *Camberos*, 73 F.3d at 175. A claim of deliberate indifference involves both an objective and a subjective component. The objective component requires a plaintiff to demonstrate that he suffered an objectively serious medical need. *Holden*, 663 F.3d at 342. The subjective component requires a plaintiff to demonstrate that the defendant actually knew of, but deliberately disregarded, that need. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Establishing the subjective component of a deliberate indifference claim requires showing "a mental state akin to criminal recklessness." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Thompson v. King*, 730 F.3d 742, 746-47 (8th Cir. 2013)).

Here, while plaintiff alleges that Burton failed to measure his vital signs or clean or check his injuries, he alleges no facts that would permit the Court to infer that Burton acted with deliberate indifference towards his serious medical needs. While plaintiff is not required to plead detailed facts, he is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. At best, plaintiff alleges that Burton should have made different medical decisions, or that she was negligent or committed medical malpractice. These allegations do not state a claim of constitutional dimension. *See Popoalii*, 512 F.3d at 499 (a "mere disagreement with treatment decisions does not rise to the level of a constitutional violation"); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (the Constitution is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property); *Estelle*, 429 U.S. at 106 (medical malpractice does not amount to a claim of constitutional dimension "merely because the victim is a prisoner"). The rest of plaintiff's allegations against

Burton are nothing more than a recital of the elements of a deliberate indifference claim. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). For these reasons, the Court concludes that plaintiff has failed to state a plausible deliberate indifference claim against Burton. *See id.* at 678 (where the complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the minimum standard).

Plaintiff also alleges that Burton failed to make a medical incident report. These allegations do not state a claim of constitutional significance. Any attempt by plaintiff to allege that Burton violated his constitutional rights by failing to follow prison policy fails, as there is no federally-protected interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

Finally, because plaintiff's federal claims will be dismissed, the Court will also dismiss plaintiff's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $3.90 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Courts to Grant Motion for Plaintiff Leave to Proceed *in forma pauperis* (Docket No. 14) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of August, 2018.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE